FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2015 NOV 12 PM 3:22

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES OF AMERICA

v.   CASE NO. 8:15-cr- 462 T 35 TGW

ILFRENISE CHARLEMAGNE

18 U.S.C. § 641
18 U.S.C. § 1028A
18 U.S.C. § 981(a)(1)(C)-Forfeiture
28 U.S.C. § 2461(c)-Forfeiture

## INDICTMENT

The Grand Jury charges:

### COUNT ONE
(THEFT OF GOVERNMENT PROPERTY)

**A. Introduction**

At times material to this Indictment:

1. Ilfrenise Charlemagne was a resident of the Middle District of Florida. She owned and operated Hilcrest Residential Assisted Living Facility (Hilcrest) and its predecessor, Pleasant Alternative Assisted Living Facility, both of which were located at 220 5th Avenue North, St. Petersburg, in the Middle District of Florida. In or around October 2011, Charlemagne entered into a settlement agreement with the Florida Agency for Health Care Administration ("AHCA") as a result of the agency's shut down of Hilcrest wherein she agreed not to hold or apply for any type of license or registration issued by the AHCA for a period of five years, which was to apply to her personally but also to any entity in which she may hold

any type of ownership interest, directly indirectly, or be a controlling interest, or be any type of officer director.

2. Hilcrest was a residential assisted living facility for adults with serious mental illness, including schizophrenia, located at 220 5th Avenue North, St. Petersburg, FL. Charlemagne was the president and operator of Hilcrest Residential, Inc., and signatory on Hilcrest's operating bank accounts. Charlemagne obtained a Medicaid Provider number on behalf of hillcrest in or around 2008, and began billing Medicaid or causing Medicaid to be billed as a provider of assistive care services for adults with serious mental health diagnoses, in or around July 2008. Charlemagne signed Hilcrest's Institutional Medicaid Provider Agreement on or about October 31, 2008, as the president of Hilcrest. In or around May 2011, AHCA inspectors shut down Hilcrest because the facility failed to ensure the rights of its residents to a safe and sanitary living environment and residents were at risk of serious injury and major health problems.

3. On or about October 21, 2011, Charlemagne changed Hilcrest Residential ALF, Inc.'s name to Pleasant Alternative, Inc. with the Florida Department of State Division of Corporations. Charlemagne designated N.C. as the president of Pleasant Alternative without N.C.'s knowledge or consent. Charlemagne operated Pleasant Alternative as a mental health extended care facility at 220 5th Avenue North, St. Petersburg, FL, the same location as Hilcrest. Charlemagne applied to AHCA for an operating license in or around April 2012, and a Medicaid Provider number in or around July 2012, in both cases listing N.C.

as the 100% owner and operator without N.C.'s knowledge or consent. In truth and in fact, Charlemagne owned and operated Pleasant Alternative, billed and caused to be billed Medicaid and other federal agencies, and controlled the funds in the Pleasant Alternative bank accounts. Pleasant Alternative was shut down by AHCA on or about April 4, 2013 [handwritten correction, initialed], finding that the facility posed a serious and immediate danger to the residents and the public.

4.   The State of Florida Medicaid Program ("Medicaid") was a federal health care benefit program that provided coverage for indigent persons, children, and certain disabled individuals. The Medicaid program was funded through both federal and state tax revenue. In Florida, the Medicaid program was administered by AHCA. Certain health care practitioners, health care facilities, and/or health care plans that met the conditions of participation and eligibility requirements to be enrolled as Medicaid providers could be paid by Medicaid for providing Medicaid-covered services to Medicaid program recipients. Hilcrest and later Pleasant Alternative were, for a time, registered Medicaid providers and Charlemagne billed or caused to be billed Medicaid for services purportedly rendered to Medicaid recipients who were residents of these facilities.

5.   The Social Security Administration was a federal agency that administered, among other things, the Supplemental Security Income (SSI) benefit program. This program was funded by federal tax dollars to help aged, blind, and disabled people who have little or no income. SSI benefits provided cash to meet basic needs for food, clothing, and shelter. Individuals and facilities, such as

ALF's, could be designated as third party administrators of a recipient's SSA benefits. Hilcrest and later Pleasant Alternative were, for a time, designated third party payees for SSA beneficiaries who were residents of these facilities.

### B. Offense

6. From an unknown date but at least in or around 2008, through and including the present, in the Middle District of Florida and elsewhere,

**ILFRENISE CHARLEMAGNE,**

the defendant herein, did knowingly and willfully embezzle, steal, purloin, and knowingly convert to her use and the use of another, any record, voucher, money, and thing of value, in excess of $1000, of the United States and any department and agency thereof, with the intent to deprive the owner of the use and benefit of the property so taken, said benefits being Medicaid and SSI benefits to which she was not entitled.

All in violation of Title 18, United States Code, Sections 641 and 2.

### COUNT TWO
(AGGRAVATED IDENTITY THEFT)

On or about August 2, 2012, in the Middle District of Florida and elsewhere,

**ILFRENISE CHARLEMAGNE,**

the defendant herein, did knowingly transfer, possess, and use without lawful authority, a means of identification of another person, and aided and abetted others in the transfer, possession, and use without lawful authority of a means of identification of another person, specifically the name of N.C. on a Medicaid Provider Agreement for Pleasant Alternative, during and in relation to the felony

offense of theft of government property, in violation of 18 U.S.C. § 641.

In violation of Title 18, United States Code, Sections 1028A and 2.

### FORFEITURE

1. The allegations contained in Count One of this Indictment is incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28 United States Code, Section 2461(c).

2. Upon conviction of the violations of Title 18, United States Code, Section 641 alleged in Count One of the Indictment, the defendant,

ILFRENISE CHARLEMAGNE,

shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to his offenses. The assets to be forfeited include, but are not limited to, a money judgment in the amount of at least $269,570.18, such money judgment representing the proceeds of his offense.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred, sold to or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A TRUE BILL,

*M. Elise Wilson*
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: *Amanda L. Riedel*
Amanda L. Riedel
Assistant United States Attorney

By: *Robert A. Mosakowski*
Robert A. Mosakowski
Assistant United States Attorney
Chief, Economic Crimes Section

FORM OBD-34
APR 1991

No. _____

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

ILFRENISE CHARLEMAGNE

## INDICTMENT

Violations:

18 U.S.C. § 641
18 U.S.C. § 1028A

A true bill,

*M. Elise Wilson*
Foreperson

Filed in open court this __12th__ day of November, 2015.

_____
Clerk

Bail $ _____

FILED

2015 NOV 12 PM 3:22

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

GPO 863 525